IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JIAJING (BEIJING) TOURISM CO., LTD. ) | |
| ) | |
| Petitioner, ) | Civil Action No. _____ |
| ) | |
| and ) | |
| ) | |
| AEROBALLOON USA, INC., ) | |
| ) | |
| Respondent ) | |

**VERIFIED PETITION TO RECOGNIZE AND CONFIRM
FOREIGN ARBITRATION AWARD**

**INTRODUCTION**

JIAJING (BEIJING) TOURISM CO., LTD ("JIAJING TOURISM" or "Petitioner") respectfully petitions this Court to recognize and confirm a foreign arbitration award rendered in Beijing, China (the "Final Award"), and to have judgment entered thereon, pursuant to Section 207 of the Federal Arbitration Act, 9 U. S. C. Section 207 in a case commenced by JIAJING TOURISM, as Petitioner, against AEROBALLOON USA, INC, as Respondent, before the China International Economic and Trade Arbitration Commission (here and after referred to as the "Arbitration Commission" or "CIETAC"). Said arbitral award was docketed as case number R20180867.

The Final Award granted monetary relief against AEROBALLOON USA, INC as follows: (i) $1,018,940.00 in damages; (ii) a remittance fee of 3,900 Yuan ($549.93 based on the exchange rate of 7.0918 Yuan to the U.S. Dollar on the date of the award (hereinafter, the

"exchange rate") ; (iii) 4.35% pre-award interest on the $1,018,940.00 advanced by the Petitioner to the Respondent of 666,288 Yuan ($93,951.88 based on the exchange rate); (iv) liquidated damages of $180,000.00; (v) reimbursement costs relating to the examination and approval of the design documents of 351,730.28 Yuan ($49,596.76 based on the exchange rate); (vi) attorney's fees of 200,000 Yuan ($28,201,58 based on the exchange rate); and vii) an arbitration fee of 280,118 Yuan ($39,498.86 based on the exchange rate).

The aggregate sum of the Final Award is $1,410,739.01, with interest continuing to accrue from May 2, 2018 until payment. A true and genuine copy of the authenticated Final Award dated September 20, 2019 in Chinese is attached hereto as **Exhibit 1**. A true and genuine copy of the certified English translation of the Final Award is attached as **Exhibit 2.**

Confirmation of the final Award is expressly authorized by the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("New York Convention"), as implemented in Chapter 2 of the Federal Arbitration Act, codified at 9 U.S.C. § 201, *et seq*.

## Parties

1.      Petitioner JIAJING (BEIJING) TOURISM CO., LTD is a corporation organized under the laws of the People's Republic of China and having its principal place of business at Unit 3607,70 South 3rd Ring Road Fengtai District,Bejing, China

2.      Respondent, AEROBALLOON USA, INC. ("Aeroballoon"), is a corporation duly organized under the laws of the Commonwealth of Massachusetts. The address of Respondent Aeroballoon is 8 Baker Hill Drive, Hingham, Massachusetts 02043.

## Jurisdiction and Venue

3.      This Court has subject matter jurisdiction over this matter pursuant to 9 U.S.C. § 203 as this is a civil action seeking recognition and enforcement of an award rendered in

an arbitration falling under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, commonly known as the "New York Convention".

4. The Final Award is governed by the New York Convention because: (i) the award arose from a commercial legal relationship between the parties; (ii) there was an agreement in writing to arbitrate any dispute(s) arising from that relationship; (iii) the agreement provided for arbitration proceedings to take place in China, a signatory to the New York Convention; and (iv) at least one of the parties is not an American citizen. *See* 9 U.S.C. § 202.

5. Section 203 of the Federal Arbitration Act, which provides subject matter jurisdiction to enforce an arbitration award governed by the New York Convention provides:

> An action or proceeding falling under the Convention shall be deemed to arise under the laws and treaties of the United States. The district courts of the United States (including the courts enumerated in section 460 of title 28) shall have original jurisdiction over such an action or proceeding, regardless of the amount in controversy.

9 U.S.C. § 203.

6. Venue is proper in this judicial district pursuant to 9 U.S.C. §204 because the parties' arbitration agreement and the enforcement of the arbitration award falls under the terms of the New York Convention, and a proceeding relating to the parties' dispute could have been brought in the United States District Court for the District of Massachusetts, if not for the parties' agreement to arbitrate the dispute.

## Facts

7. On or about January 14, 2016, AEROBALLOON USA, INC and JIAJING TOURISM entered into a contract whereby the Petitioner ordered two (2) complete Passenger-Carrying Fixed Tethered Sightseeing Amusements, *i.e.,* air balloons, with attached gondolas for up to 40 passengers and tethering facilities, from Aeroballoon. Each set of equipment was priced

at $900,000.00 U.S. Dollars totaling $1.8 Million U.S. Dollars (the "Contract"). A true and genuine copy of the Contract is attached as **Exhibit 3**.

8. As set forth in the Final Award, Respondent was to deliver the first air balloon, on August 14, 2016. Although the petitioner paid the Respondent the aggregate sum of $1,018,940.00 for such air balloon, the Respondent breached the Contract and never delivered the balloon and associated equipment provided for in the contract.

## The Parties Agreed to Arbitrate All Disputes

9. The Contract contained the following arbitration provision providing for final resolution of any disputes:

> All disputes arising from the execution of this contract or to the contract shall be submitted to China International Economic and Trade Arbitration Commission for arbitration in Beijing when both parties fail to reach an agreement through friendly consultation. The arbitrary awards shall be regarded as final and has binding force upon both parties.

*See* Section XIII of the Contract, **Exhibit 3**.

10. JIAJING TOURISM filed a request for arbitration on June 8, 2016. AEROBALLOON USA, INC's request for arbitration came only after it had made good faith attempts seeking Aeroballoon to comply with the Contract.

## The Final Arbitration Award

11. The aggregate sum of the Final Award is $1,410,739.01, with interest continuing to accrue at an annual rate of 4.35% from May 2, 2018 until payment. A true and genuine copy of the authenticated Final Award dated September 20, 2019 in Chinese is attached hereto as **Exhibit 1**. A true and genuine copy of the certified English translation of the Final Award is attached as **Exhibit 2.**

12. The proceedings of the arbitration hearings are described in great detail in the

Final Award.  At the conclusion of the hearings and proceedings, the arbitral panel issued its Final Award.  It provided, *inter alia,* the following relief in favor of the Petitioner:

(i) The Respondent shall return the Petitioner's payment of $1,018,940.00 to the Petitioner;

(ii) The Respondent shall pay a remittance fee of RMB 3,900;

(iii) The Respondent shall pay to the Petitioner loan interest of 666,288.88 Yuan (temporarily calculated until May 1, 2018), which is still accruing at an annual interest rate of 4.35% from May 2, 2018 until the actual date of payment;

(iv) The Respondent shall pay the Petitioner a damages penalty of $180,000.00;

(v) The Respondent shall pay the Petitioner 351,730.28 Yuan for the examination and approval of the design documents twice;

(vi) The Respondent shall pay the Petitioner's attorney's fee of 200,000 Yuan.

(vii) The arbitration fee of 280,118 Yuan shall be borne by the Respondent; and,

(viii) The above amounts shall be paid by the Respondent within 30 days from the date of the ruling.

(ix) The Final Award is final and effective from the date of its making.

The portions of the Award in the Chinese Yuan currency are set forth in the initial paragraph of this Complaint along with the currency exchange rate and the calculations converting those portions of the award from Yuan to U.S. Dollars.  Said calculations are incorporated herein by reference.  The aggregate sum of the Final Award is $1,410,739.01, with interest continuing to accrue since May 2, 2018.

13. The Final Award has not been set aside or suspended by a competent authority in the country in which the Final Award was made.

14. As of the date of this Petition, Respondent has failed to comply with the award and has made no payment at all.

15. Pursuant to 9 U.S.C. § 207, Petitioner has brought this action within three years after the Final Award was made.

16. No grounds exist for this Court to refuse recognition and enforcement and recognition of the Award.

## Claim for Confirmation
## of the Award pursuant to 9 U.S.C. § 207

17. The United States is a contracting party to the New York Convention.

18. The New York Convention has been implemented in the U.S. by Chapter Two of the Federal Arbitration Act.

19. The Final Award is governed by the New York Convention because it was sited in China, another contracting party to the New York Convention; it involves AEROBALLOON USA, INC., a Massachusetts corporation as a contracting party; and satisfies the requirements of Section 202 of the Federal Arbitration Act. *See* 9 U.S.C. § 202.

20. The Federal Arbitration Act provides that the "court *shall* confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention." 9 U.S.C. § 207 (emphasis added).

21. None of the grounds available for refusal or deferral of recognition and enforcement of an award specified in the New York Convention apply to the Final Award.

22. Therefore, the Final Award should be confirmed pursuant to 9 U.S.C. § 207 and judgment in the United States should be entered for the monetary relief awarded by the Arbitration Tribunal.

**Requests For Relief**

WHEREFORE, Petitioner respectfully requests that this Court:

    1.    Issue an order pursuant to 9 U.S.C. § 207 recognizing and confirming the arbitration panel's Final Award;

    2.    Enter judgment in favor of Petitioner and against Respondent Aeroballoon in the amount of $1,410,739.01, in accordance with the Final Award;

    3.    Award Court costs and interest from May 2, 2018 at the interest rate set forth in the Final Award of 4.35%; and

    4.    Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,
Jiajing (Beijing) Tourism Co, Ltd,
By:

/s/ Marc Redlich
Marc Redlich, Esq. (Bar No. 414260)
Law Offices of Marc Redlich
One State Street, Suite 1050
Boston, MA 02109
Telephone: (617)720-0900
Fax: (617) 720-0987
general@redlichlaw.net

Verification

I, __Wang Yong__, on behalf of Jiajing (Beijing) Tourism Co, Ltd, hereby certify under penalty of perjury that I have read the foregoing Complaint and that the facts stated therein are true, except for such matters stated upon information and belief or based on documentation available to me, and as to such matters I believe them to be true.

By: _王永_  7.7.2020

Print Name: Wang Yong

Office held: Director

Duly Authorized