```
                UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS
```

JIAJING (BEIJING) TOURISM CO., LTD,
    Petitioner,


    v.                                      CIVIL ACTION NO.
                                              20-11313-MBB

AEROBALLOON USA, INC.,
DOUGLAS A. HASE, Individually and
Doing Business as Tethered Helium Balloon,
and EVEREST BALLOON LLC,
    Respondents.


**MEMORANDUM AND ORDER RE:
PETITIONER'S MOTION FOR ENTRY OF JUDGMENT
PURSUANT TO RULE 54(b)
(DOCKET ENTRY # 58)**

**July 1, 2021**

**BOWLER, U.S.M.J.**

Pursuant to section 207 of the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 201-208, petitioner Jiajing (Beijing) Tourism Co. Ltd. ("petitioner") filed a petition to recognize and confirm a foreign arbitration award rendered in Beijing, China against respondent AeroBalloon USA, Inc. ("AeroBalloon"). (Docket Entry ## 1, 10-2). Petitioner presently moves for a separate judgment against AeroBalloon on the claim in Count I of the amended petition to recognize and confirm the foreign arbitration award under Fed. R. Civ. P. 54(b) ("Rule 54(b)"). (Docket Entry # 58). AeroBalloon, respondent Douglas A. Hase ("Hase"), individually and doing business as Tethered Helium Balloon, respondent Everest Balloon LLC ("Everest Balloon"), and respondent Tethered Helium Balloon ("Tethered Helium")

(collectively "respondents") oppose the motion.[1]  (Docket Entry # 59).

## BACKGROUND

The underlying dispute involves a contract in which petitioner agreed to purchase two "[p]assenger-carrying Helium Balloon Systems with gondolas and tethering facilities for a total cost of $1.8 million.  (Docket Entry # 10, ¶ 12) (Docket Entry # 26, ¶ 12) (Docket Entry # 10-2, p. 7).[2]  In September 2019, an arbitral panel determined that AeroBalloon "did not deliver the goods as agreed" on the August 14, 2016 delivery date and that this "non-delivery" as well as AeroBalloon's "delay in obtaining [an] audit document appraisal report" breached the

---

[1] The caption of the amended petition does not name Tethered Helium as a respondent.  See Fed. R. Civ. P. 10(a) (caption of complaint "must name all the parties").  The body of the amended petition, however, has a section captioned "Parties," which lists respondents in separate paragraphs and includes "Respondent Tethered Helium Balloon."  (Docket Entry # 10, ¶¶ 2-5).  Counts II, III, and IV also refer to Tethered Helium. (Docket Entry # 10, ¶¶ 30, 39, 44).  The language of the amended petition therefore sufficiently names Tethered Helium as a respondent.  See Callahan v. Wells Fargo & Co., 747 F. Supp. 2d 247, 251 (D. Mass. 2010) (court may "identify the proper party to a suit through analysis and examination of the allegations set forth in the body of the complaint"); see, e.g., In re Asacol Antitrust Litigation, Civil Action No. 15-12730-DJC, 2016 WL 4083333, at *3 n.1 (D. Mass. July 20, 2016).  Respondents' assertion in the answer to the amended petition that Tethered Helium "is not a business" (Docket Entry # 26, ¶ 5) is contrary to a statement in the amended petition (Docket Entry # 10, ¶ 30) and does not alter this conclusion.

[2] Page numbers refer to the docketed page number in the upper right-hand corner of a docketed filing.

2

contract.  (Docket Entry # 10-2, pp. 7, 16, 22).  The final arbitration award against AeroBalloon totals $1,410,739.01 with interest commencing on May 2, 2018.  (Docket Entry # 56) (Docket Entry # 10-2, pp. 21-22).

The amended petition sets out the following: (1) a claim to confirm the final arbitration award against AeroBalloon under the FAA (Count I); (2) claims against Hase, Everest Balloon, and Tethered Helium based on AeroBalloon's purported voluntary dissolution in October 2019 and alleged efforts by Hase (AeroBalloon's sole officer, director, and principal shareholder) to transfer AeroBalloon's assets to Hase, Everest Balloon, and/or Tethered Helium and evade AeroBalloon's obligations to petitioner under the final arbitration award (Count II); (3) claims against Hase, Everest Balloon, and Tethered Helium as alter egos of AeroBalloon or premised on "successor liability, fraudulent transfer, *de facto* merger, mere continuance of the pre-existing corporation, constructive trust, and piercing" the corporate veil (Count III);[3] and (4) claims for violations of Massachusetts General Laws chapter 93A, section 11, against Hase, Everest Balloon, and Tethered Helium (Count IV).  (Docket Entry # 10).  Other than the claim in Count I, the remaining claims seek relief

---

[3] Count III further alleges that Hase controlled and operated AeroBalloon, Everest Balloon, and Tethered Helium "to suit his convenience" and that respondents have a "unity of interest and ownership" such that their separateness "ceased." (Docket Entry # 10, ¶¶ 37-38).

3

against Hase, Everest Balloon, and Tethered Helium rather than AeroBalloon. (Docket Entry # 10).[4] Hase is the sole officer and director of AeroBalloon, the founder of Everest Balloon, and the purported founder and controlling owner of Tethered Helium. (Docket Entry # 10, ¶¶ 3, 6) (Docket Entry # 26, ¶¶ 3, 6).

In November 2020, the parties agreed to a standstill agreement under which respondents agreed not to transfer or convey any asset owned by AeroBalloon or otherwise "change the *status quo*." (Docket Entry # 37). On March 31, 2021, this court allowed a request (Docket Entry # 50) to renew a motion to confirm the final arbitration award (Docket Entry # 30), previously denied without prejudice (Docket Entry # 35), and converted an April 20, 2021 status conference into a motion hearing on the renewed motion to confirm the final arbitration award (Docket Entry # 30). (Docket Entry ## 50, 51). On April 15, 2021, AeroBalloon filed a notice "withdrawing" its fifth affirmative defense (improper notice) and sixth affirmative defense (inability "to present its case during the arbitration proceedings") from the answer with respect to the claim against AeroBalloon in Count I.[5] (Docket Entry # 26, pp. 6-7, ¶¶ 5-6)

---

[4] Petitioner agrees with this construction of the claims in the amended petition. (Docket Entry # 60, p. 2).

[5] Petitioner argues that the withdrawal and lack of objection during the April 20, 2021 hearing to the motion to confirm the award waives AeroBalloon's ability to appeal the arbitration award. (Docket Entry # 58, pp. 2-3) (Docket Entry #

4

(Docket Entry # 53).  At the April 20, 2021 motion hearing, petitioner withdrew the motion to confirm (Docket Entry # 30), and this court advised the parties it would enter a proposed order confirming the final arbitration award (Docket Entry # 54).  (Docket Entry # 61, p. 7).  On April 21, 2021, this court issued the Order confirming the final arbitration award against AeroBalloon in the amount of $1,410,739.01 with interest at 4.35% per annum commencing on May 2, 2018.  (Docket Entry # 56).  The Order fully encompasses the claim in Count I.  (Docket Entry # 56) (Docket Entry # 10, ¶¶ 22-28).

## DISCUSSION

"[A] district court entering a Rule 54(b) judgment must go through two steps: it must 'determine that it is dealing with a "final judgment"' that provides an ultimate disposition on a 'cognizable claim for relief,' and it must 'determine whether there is any just reason for delay.'"  Boston Prop. Exch. Transfer Co. v. Iantosca, 720 F.3d 1, 7 (1st Cir. 2013) (quoting Curtiss-Wright Corp. v. Gen. Elec. Co., 446 U.S. 1, 7–8 (1980)).  The finality aspect of Rule 54(b) "requires that a judgment 'dispose of all the rights and liabilities of at least one party as to at least one claim.'"  Lee-Barnes v. Puerto Ven Quarry Corp., 513 F.3d 20, 24 (1st Cir. 2008) (emphasis in original).  The Order confirming the final arbitration award under the FAA

---

60, pp. 4, 7).

5

sets out the amount of the award against AeroBalloon with interest commencing on May 2, 2018.  (Docket Entry # 56).  It is a decision disposing "'of all the rights and liabilities of at least one party,'" AeroBalloon, on "'at least one claim,'" the claim in Count I, "in the course of a multiple claims action," namely, the multiple other claims against the remaining respondents.  Curtiss-Wright, 446 U.S. at 7; Federal Home Loan Bank of Boston v. Moody's Corp., 821 F.3d 102, 108 n.3 (1st Cir. 2016) (citation omitted), *abrogated on other grounds*, Lightfoot v. Cendant Mortgage Corp., 137 S.Ct. 553 (2017).

With finality established, the matter reduces to whether "'there is any just reason for delay.'"  Boston Property Exchange, 720 F.3d at 7.  In assessing the existence of any just reason for delay, this court examines "the interrelationship of the claims," Curtiss-Wright, 446 U.S. at 8; Niemic v. Galas, 286 F. App'x. 738, 739 (1st Cir. 2008) (examining "interrelationship or overlap among the various legal and factual issues involved in the dismissed and pending claims"), the "judicial administrative interests," and "the equities involved."  Curtiss-Wright, 446 U.S. at 8.  In taking judicial economy into account, courts "commonly assess the extent to which the parties may be prejudiced or benefitted by delaying entry of a final judgment."  In re Feldman, Case No. 16-13432-MSH, 2021 WL 1554243, at *2 (Bkrtcy. D. Mass. Apr. 1, 2021).

6

Here, the policy in the law which favors prompt resolution of arbitration disputes favors allowing the Rule 54(b) certification. See Nystedt v. Nigro, 700 F.3d 25, 30 (1st Cir. 2012) (noting "policy of the law" favoring "resolution of immunity defenses" early in lawsuit favors "immediate appellate review" under Rule 54(b)); see also Hall Street Associates, L.L.C. v. Mattel, Inc., 552 U.S. 576, 578 (2008) (FAA "provides for expedited judicial review to confirm, vacate, or modify arbitration awards"). AeroBalloon's lack of objection to the award and the withdrawal of the fifth and sixth affirmative defenses renders AeroBalloon's ability to appeal the Order confirming the award (Docket Entry # 56) extremely unlikely but not foreclosed. See United States v. Orsini, 907 F.3d 115, 120 (1st Cir. 2018) ("waiver rule may 'admit of an occasional exception' in extraordinary circumstances"; see, e.g., Sindi v. El-Moslimany, 896 F.3d 1, 28 (1st Cir. 2018) (finding "exception to the raise-or-waive principle" based on various factors).

Balanced against these concerns is the prejudice to respondents, including Hase and AeroBalloon, of potentially having to duplicate their efforts regarding discovery of AeroBalloon assets in a future, separate proceeding against AeroBalloon to enforce the award.[6] See Nystedt, 700 F.3d at 30

---

[6] Petitioner represents it does not intend to bring another action against Hase and Everest Balloon. (Docket Entry # 60, p. 5).

(affirming Rule 54(b) certification of immediate appeal partly because district court found *no* prejudice to any party); Feldman, 2021 WL 1554243, at *2 (judicial economy commonly includes assessing "extent to which the parties may be prejudiced or benefitted by delaying entry of a final judgment"). AeroBalloon previously held minimal cash assets: "$79,000 in its bank account" when it received notice of the arbitration in late August 2018; and $64,000 in its bank account when it received notice of the arbitration decision in September 2019. (Docket Entry # 18-1, p. 6, ¶¶ 35, 43). Satisfaction of the arbitral award, which exceeds $1,400,000, in the near future to avoid a suit to collect the judgment against AeroBalloon is unlikely. Moreover, Hase, the sole director and officer of AeroBalloon, may have information about AeroBalloon's remaining assets that is relevant to the arbitral award, and he may be forced to litigate in two forums if Rule 54(b) certification is allowed. See also Hale v. Pan Am. Ry., Civil Action No. 17-10855-NMG, 2019 WL 2371948, at *1 (D. Mass. June 4, 2019) (finding dismissed claim "unquestionably interrelated" because "Cryo-Trans may have factual information relevant to the railcar's ownership and transport issues").

In closing, Rule 54(b) is "employed with great circumspection." Gonzalez Figueroa v. J.C. Penney Puerto Rico, Inc., 568 F.3d 313, 318 n.3 (1st Cir. 2009); accord

Curtiss-Wright, 446 U.S. at 10 ("sound judicial administration does not require that Rule 54(b) requests be granted routinely"); Spiegel v. Trustees of Tufts Coll., 843 F.2d 38, 42 (1st Cir. 1988) (recognizing "long-settled and prudential policy against the scattershot disposition of litigation").  Here, the balance of the foregoing concerns and factors weigh against certification.

CONCLUSION

In accordance with the foregoing discussion, the motion for entry of judgment under Rule 54(b) (Docket Entry # 58) is **DENIED**.

       /s/ Marianne B. Bowler  
       **MARIANNE B. BOWLER**  
       United States Magistrate Judge